## G. B. Shepherd *v.* Bertrand Haralson.

A public officer appointed by the Governor during the recess of the Senate, and afterwards confirmed, dates his term from the original appointment, and not from the time of his confirmation, although a new commission then issued.

APPEAL from the District Court of the Parish of East Baton Rouge, *Avery, J. Goode & Tucker,* for relator. *Dunn & Herron,* for respondents.

Voorhies, J. The plaintiff and the defendant set up adverse claims to the office of Register of the State Land Office.

This office was created by legislative enactment. The statute gives the appointing power to the Governor, by and with the advice and consent of the Senate ; and it limits the duration of the term to two years, without assigning any specified time for its commencement or termination.

*B. Haralson* had been appointed for the first time, on the 21st March, 1856. His term of office having expired by limitation, he was again commissioned on the 21st April, 1858, during the recess of the Senate.

At the following session of the Legislature, this recess appointment was duly confirmed ; whereupon a new commission issued on the 16th March, 1859.

On the other hand the plaintiff, *G. Shepherd,* was commissioned on the 17th March, 1860, the Governor's appointment being duly confirmed by the Senate.

The question at issue is, whether *Haralson* is entitled to a full term from the date of the confirmation of the recess appointment. He contends that the confirmation vacated the recess appointment, and operated a new appointment from that period. In support of this position reference is made to the case of *United States* v. *Kirkpatrick,* and to various opinions of Attorneys General of the United States.

We have no disposition to question the correctness of these authorities ; nor is it conceded that they have a direct bearing upon the point at issue in the present cause. But our court has already expounded the law in this respect, and held, in a similar case, that the confirmation, by the Senate, of the Governor's recess appointment, was but the constitutional mode of completing the appointment.

5 A. 534, *Gilly* v. *Kelly.* And, as stated by Mr. Justice Preston, this ruling was in accordance with the practice of our State Government.

Besides, this construction of the law has the manifest advantage of carrying out the litteral intent of the law by limiting the incumbent to the period or term prescribed by the statute. Nor should the decision above referred to be lightly disturbed, for the reason that it was a recognition of the sound practice of the government in that respect,—and that the executive, and one branch of the Legislative department, have since acted accordingly upon that construction of the law.

The 48th article of the Constitution, on the subject of vacancies, has no application to the case at bar. There was no vacancy in the office at the date of *Haralson's* recess appointment; but his term of office had expired by limitation. He had then been reappointed, and had qualified under that commission.

Judgment affirmed.

Merrick, C. J. took no part in this case.